Donna **BURKETT** and Manonia **Evans,**
for themselves and for all others
similarly situated, Plaintiffs,

v.

Thomas **ZABLOCKI,** Clerk of Milwaukee
County, Wisconsin, Defendant.

No. 71–C–517.

United States District Court,
E. D. Wisconsin.

Jan. 7, 1972.

James C. Wood, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, Milwaukee County Corporation Counsel, by John R. Devitt, Asst. Corp. Counsel, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action are two females who seek a declaration of their alleged constitutional right to marry each other and an order compelling the clerk of Milwaukee county to issue them an application for a marriage license. The plaintiffs contend that the right to marry a person of the same sex is guaranteed to them by the United States Constitution.

The defendant, clerk of Milwaukee county, has moved to dismiss the instant complaint for lack of a substantial federal question, for lack of jurisdiction over the subject matter, and for failure to state a claim upon which relief can be granted. The court established a briefing schedule in connection with this motion, and the defendant filed his brief in accordance with that schedule. However, the plaintiffs have failed to submit any answering brief in response to the defendant's supporting brief. The absence of any memorandum of law on the part of the plaintiffs would require the court to speculate on the plaintiffs' arguments in this relatively novel area of the law. Two recent rulings on this general topic are found in McConnell v. Anderson, 451 F.2d 193 (8th Cir. 1971) and Baker v. Nelson, 191 N.W.2d 185 (Minn.1971).

The plaintiffs' omission, in my opinion, imposes an improper burden upon the court; under Rule 8 of our local rules, as authorized by Rule 83, Federal Rules of Civil Procedure, the defendant's motion will therefore be granted.